IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| WILLIE WRIGHT, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| VS. | : | NO. 5:10-CV-201 (MTT) |
| | : | |
| DR. BARRY HENDERSON, *et al.*, | : | |
| | : | Proceedings Under 42 U.S.C. § 1983 |
| Defendants. | : | Before the U.S. Magistrate Judge |
| _____ | : | |

## RECOMMENDATION

Before the Court is a Motion to Dismiss filed by Defendants Dr. Barry Henderson, Commissioner Brian Owens, and Warden Anthony Henderson. Doc. 32. Because Plaintiff Willie Wright has failed to state an Eighth Amendment claim for deliberate indifference to his serious medical needs, it is hereby **RECOMMENDED** that Defendants' Motion to Dismiss be **GRANTED**.

## FACTUAL AND PROCEDURAL HISTORY

On May 24, 2010, Plaintiff Willie Wright, a *pro se* prisoner, filed his Complaint under 42 U.S.C. § 1983 against Defendants Dr. Barry Henderson, Commissioner Brian Owens, and Warden Anthony Henderson alleging that Defendants were deliberately indifferent to Plaintiff's serious medical needs. Doc. 1. Plaintiff alleges that he suffered a heart attack because Dr. Henderson refused to discontinue Plaintiff's prescription of the drug Cardura.[1] Plaintiff also seeks to hold Defendants Owens and Warden Henderson liable for allowing Dr. Henderson's inadequate treatment after being aware of such.

---

[1] Unless cited otherwise, all fact presented are as alleged in Plaintiff's Complaint and Plaintiff's Response to the instant motion to dismiss (Doc. 37).

1

Plaintiff was treated by Dr. Henderson for hypertension and prostate problems while Plaintiff was incarcerated at River State prison in June 2008. Dr. Henderson prescribed different medications for Plaintiff's medical issues, and some of those medications caused Plaintiff to become ill. Dr. Henderson prescribed Cardura for Plaintiff's hypertension. Because Plaintiff believed that the Cardura was also making him ill and causing chest pains, Plaintiff requested on numerous occasions that Dr. Henderson discontinue the Cardura prescription and prescribe a different drug for Plaintiff's hypertension. Dr. Henderson refused to change Plaintiff's medication, telling Plaintiff that he would die from high blood pressure if he did not continue to take Cardura. In his response to the motion to dismiss, Plaintiff alleges that he requested to be prescribed Norvasc because he believed that Norvasc would not make him ill. Plaintiff contends that he was not prescribed Norvasc because it was too expensive. Plaintiff was later hospitalized after suffering a heart attack. Plaintiff alleges that Cardura caused the heart attack.

## DISCUSSION

Plaintiff alleges that Defendants were deliberately indifferent to his serious medical needs in violation of Plaintiff's Eighth Amendment rights. Plaintiff contends that Dr. Henderson was deliberately indifferent for failing to discontinue Plaintiff's Cardura prescription. Additionally, Plaintiff argues that Defendants Owens and Warden Henderson should be held liable for Dr. Henderson's actions because they were aware of Dr. Henderson's failure to adequately treat Plaintiff. Because Plaintiff's allegation that Dr. Henderson refused to change Plaintiff's hypertension medication fails to state a claim of deliberate indifference to Plaintiff's serious medical needs, Plaintiff does not have a cause of action against Defendants.

Plaintiff's claim against Dr. Henderson does not amount to an Eight Amendment violation of deliberate indifference to Plaintiff's serious medical needs. The Eighth Amendment

prohibits cruel and unusual punishment, including deliberate indifference to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Campbell v. Sikes, 169 F.3d 1353, 1363 (11th Cir. 1999). To show deliberate indifference, the prisoner must satisfy both an objective and a subjective component. Campbell, 169 F.3d at 1363. With regard to the objective component, a prisoner must allege both an objectively serious medical need that, if left unattended, poses a substantial risk of serious harm, and also that the response by the prison official to that need was poor enough to constitute an unnecessary and wanton infliction of pain. Taylor v. Adams, 221 F.3d 1254, 1258 (11th Cir. 2000). With respect to the subjective component, a prisoner must allege, and ultimately prove, three facts: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; and, (3) conduct that is more than mere negligence. McElligott v. Foley, 182 F.3d 1248, 1255 (11th Cir. 1999).

The elements required to prove the subjective component of a deliberate indifference claim establish that "mere accidental inadequacy, negligence in diagnosis or treatment, [and] even medical malpractice" are not actionable under 42 U.S.C. § 1983. Taylor, 221 F.3d at 1258. Moreover, and equally important in the context of this case, a prisoner cannot establish a violation simply because he "may have desired different modes of treatment" than that which was provided to him. Hamm v. DeKalb County, 774 F.2d 1567, 1576 (11th Cir. 1985). Such course of treatment claims, by definition, involve the "exercise of professional judgment," Estelle, 429 U.S. at 105, and as such are not actionable.

In this case, because Dr. Henderson believed that Cardura was controlling Plaintiff's hypertension, Plaintiff's has failed to state a claim of deliberate indifference to his serious medical needs. According to Plaintiff's Complaint, Dr. Henderson refused to discontinue

Plaintiff's prescription to Cardura because Dr. Henderson stated that Plaintiff would die as a result of high blood pressure if Plaintiff quit taking Cardura.

Although Plaintiff maintains that Cardura caused him to suffer a heart attack and that he would not have suffered a heart attack if his medication was changed, Dr. Henderson's choice of which hypertension medication to prescribe is an issue of medical judgment. Plaintiff's pleadings admit that Plaintiff was provided with medical care and attention for his medical issues, including being seen by medical staff regularly and being provided with medication. Consequently, it is apparent that Plaintiff's claims of deliberate indifference consist entirely of his disagreement with Dr. Henderson's method of treatment. Because Plaintiff's contention is simply a difference of opinion as to how to best treat Plaintiff's hypertension, Plaintiff's allegations are not sufficient to establish a claim of deliberate indifference under 42 U.S.C. § 1983. Estelle, 429 U.S. at 105.

Additionally, Plaintiff's has failed to state a claim against Defendants Owens and Warden Henderson. Plaintiff allegations against Defendants Owens and Warden are based on their knowledge of Dr. Henderson's alleged inadequate treatment of Plaintiff. Because Plaintiff has failed to state a claim that Dr. Henderson was deliberately indifferent to his serious medical needs and because Plaintiff does not allege any other specific constitutional violations by Defendants Owens and Warden Henderson, Plaintiff has failed to establish a cause of action against Defendants.

## CONCLUSION

Because Plaintiff has failed to state a claim of deliberate indifference to his serious medical needs, it is hereby **RECOMMENDED** that Defendant's Motion to Dismiss be **GRANTED**. Pursuant to 28 U.S.C. § 636 (b)(1), the parties may serve and file written

4

objections to this **RECOMMENDATION** with the district judge to whom the case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

    **SO RECOMMENDED**, this 29th day of June, 2012.

                                                  s/ Charles H. Weigle
                                                  Charles H. Weigle
                                                  United States Magistrate Judge